IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01976-BNB

GARY ANTHONY COLE, SR., # 22707-077,

    Plaintiff,

v.

THE UNITED STATES DISTRICT COURT, for the Northern District of Texas,
THE UNITED STATES COURT OF APPEALS, for the Fifth (5th) Circuit,
THE FEDERAL BUREAU OF PRISONS,
UNITED STATES PENITENTIARY-FLORENCE-SUPER MAX,
B. DAVIS, Warden-C.E.O., and
GOVERNMENT AGENCIES, et al.,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

The matter before the Court is the Letter filed by Plaintiff, Gary Anthony Cole, Sr., a *pro se* prisoner litigant, on October 12, 2010. Mr. Cole seeks reconsideration of the Order entered on September 29, 2010, dismissing the instant action without prejudice because Mr. Cole failed to submit his claims and his request to proceed pursuant to 28 U.S.C. § 1915 on Court-approved forms within the time allowed. The Court must construe the Letter liberally because Mr. Cole is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The Letter was filed on October 12, 2010, well within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Court, therefore, will construe Mr. Cole's Letter as a Motion to Reconsider filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver*, 952 F.2d at 1243). In the Motion to Reconsider, Mr. Cole contends that he mailed an original complaint on a proper form to the court on

September 1, 2010, with a letter explaining that he is being harassed and retaliated against and denied stamps and legal envelopes to submit his filings to the Court.[1]

Upon consideration of the Motion to Reconsider and the entire file, the Court concludes that Mr. Cole fails to demonstrate some reason why the Court should alter or amend the September 29 Order of Dismissal in this action. Even when Mr. Cole was able to obtain stamps and envelopes to submit filings to the Court, which was on at least four separate occasions, he failed to comply with the August 18 Order. Rather than complying with the August 18 Order, Mr. Cole submitted a Letter (Doc. No. 5) requesting that the Court provide injunctive relief without requiring that he file a law suit. Mr. Cole also filed a second petition (Doc. No. 9) on September 27, which was not submitted on a Court-approved form. Only after the Court dismissed the action for failure to comply with the August 18 Order did Mr. Cole file his claims and request to proceed pursuant to § 1915 on proper Court-approved forms, as he had been instructed in the August 18 Order.

The Court notes that Mr. Cole is subject to 28 U.S. C. § 1915(g) filing restrictions. *See Cole v. Hood*, No. 04-cv-02186-ZLW (D. Colo. Mar. 1, 2005) (unpublished). Mr. Cole's reluctance to comply with the August 18 Order appears to be an attempt on his part to circumvent the § 1915(g) restriction. Furthermore, even when he did file a

---

[1] The only filing submitted by Mr. Cole that is dated September 1 is a cover letter attached to his inmate trust fund account statement. (*See* Doc. No. 7.) The Letter (Doc. No. 10) Mr. Cole signed and dated on September 19, 2010, which was received by the Court on September 27, 2010, however, addresses his concern that prison staff will not provide him with photocopies and stamps. Mr. Cole also filed a pleading along with the Letter on September 27, but the pleading is not on a Court-approved form.

proper Prisoner Complaint and a § 1915 Motion and Affidavit, Mr. Cole failed to assert that he is in imminent danger of serious physical injury.

To determine whether Mr. Cole is "under imminent danger of serious physical injury," the Court looks to the allegations in his Complaint. *See Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006). In addition, the Court liberally construes Mr. Cole's Complaint, accepting the allegations as true. *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (noting that the court construe "a pro se complaint liberally" and "must accept the allegations of the complaint as true") (quotation omitted). In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). To fall within the exception, Mr. Cole's Complaint must therefore contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added). Although Mr. Cole states in the § 1915 Motion that his health physically and psychologically is deteriorating due to the lack of high fiber in his diet, he fails to assert any specific fact allegations in the Prisoner Complaint regarding his physical condition.

The Motion to Reconsider, therefore, will be denied. Mr. Cole is reminded that because the instant action was dismissed without prejudice he may pursue his claims by filing a new civil action if he chooses, but he remains subject to the filing restrictions under § 1915(g). Accordingly, it is

ORDERED that Mr. Cole's Letter (Doc. No. 14) is construed as a Motion to Reconsider, filed pursuant to Fed. R. Civ. P. 59(e), and is denied.

DATED at Denver, Colorado, this __22nd__ day of __October__, 2010.

BY THE COURT:

*[signature: Christine M Arguello]*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01976-BNB

Gary Anthony Cole, Sr.
Reg No. 22707-077
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/22/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk